# IN THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NESH AUTO SALES LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LZ SHIPPING LLC ) <br> ) <br> ) <br> Defendant ) | Case No. _____ <br> JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

NOW COMES, Plaintiff NESH AUTO SALES LLC ("Plaintiff"), by and through undersigned Counsel, brings this action against Defendant, LZ SHIPPING LLC ("Defendant") and in support of their claims, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the laws of the United States. This action is brought under the laws of the United States, including 49 U.S.C. §14706 (the "Carmack Amendment" to the Interstate Commerce Act) and the amount of controversy is in excess of $10,000.00.

2. The venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

3. Plaintiff is a limited liability company organized under the laws of the State of Georgia with its principal place of business in Decatur, Georgia.

4. Defendant LZ Shipping LLC is a limited liability company organized under the laws of the State of Illinois with its principal place of business in Palos Heights, Illinois.

5. At and during the times hereinafter mentioned, Defendant was and now is an interstate carrier operating pursuant to authority issued to it by the Federal Motor Carrier Safety Administration, ("FMCSA") with USDOT Number 3679953 and Docket Number 1279489.

## FACTUAL ALLEGATIONS

6. On or around March 22, 2023, Plaintiff purchased a vehicle, a 2013 Mercedes-Benz GL-Class ("vehicle") from Carvana, LLC. Please see the invoice attached as Exhibit #1.

7. On or around March 22, 2023, Plaintiff tendered $9,378.00 for the purchase, although the fair market value of the vehicle near the date of the incident, on March 31, 2023 was $18,657.00.

8. On or about March 22, 2023, Plaintiff retained Defendant to provide transportation of the vehicle from the premises of Carvana LLC in New Jersey to Plaintiff's principal place of business in Georgia. Please see attached dispatch sheet as Exhibit #2.

9. Pursuant to the terms of the dispatch sheet, Plaintiff's vehicle was scheduled to be picked up from New Jersey on March 28, 2023, and scheduled to be delivered to Plaintiff in Georgia on March 29, 2023.

10. On or about March 28, 2023, Defendant obtained possession of the vehicle in good condition from the premises of Carvana LLC for delivery to the premises of Plaintiff.

11. On or about March 28, 2023, the vehicle was severely damaged in a motor vehicle accident due to the negligence of Defendant.

12. Plaintiff was first reached out by the Defendant's insurance carrier, Progressive Insurance Company ("Progressive"), on or about April 10, 2023. Plaintiff was informed by Progressive that the Plaintiff's vehicle was at a total loss.

13. Defendant has failed to deliver the Shipment to the destination in the same good order and condition as when received by Defendant.

14. Upon information and belief, the vehicle is in storage with the Defendant's insurance agency.

15. As a result of the foregoing, Plaintiff has suffered damages for the entire loss of the vehicle, including any storage fees, transportation costs, and the loss of future business for Plaintiff. The damages suffered are in the amount of at least $18,657.00.

16. Plaintiff presented a claim for the payment of a determinable amount of money to Defendant containing facts sufficient to identify the shipment and assert liability for the alleged loss and damage.

## COUNT I – CARMACK AMENDMENT VIOLATION

17. Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

18. At all relevant times, Plaintiff was in the business of auto sales and has an office in Decatur, Georgia.

19. At all relevant times, Defendant was in the transportation business and had offices in Palos Heights, Illinois.

20. At all relevant times, Defendant was operating as a motor carrier providing commercial motor vehicle transportation for compensation.

21. At all relevant times, there was a federal statute applicable to the interstate transportation of goods known as Carmack Amendment, 49 U.S.C.§14706.

22. On or around March 22, 2023, Defendant agreed to transport Plaintiff's vehicle from the premises of Carvana LLC.

23. Defendant received possession of the vehicle in good order and condition and without any exceptions being noted.

24. Despite Defendant's receipt of the vehicle in good order and condition, Defendant failed to deliver the vehicle to the respective destination.

25. Subsequent to the receipt of the vehicle, Defendant through their insurance provider reported that the subject vehicle was damaged as a result of a motor vehicle accident while in Defendant's exclusive care, possession, and control.

26. As a direct and proximate result of Defendant's failure to deliver the vehicle in the same good order and condition in which Defendant received, Plaintiff suffered damages.

27. Defendant's wrongful failure to deliver the goods in the same good order and condition in which they received, has rendered Defendant liable for the damages suffered by Plaintiff pursuant to 49 U.S.C.§14706 and all other remedies available at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays this Honorable Court to enter judgment in its favor and against Defendant, granting Plaintiff the following relief:

A. Actual damages;

B. Compensatory damages;

C. Reasonable attorney's fees and costs;

D. Special and Consequential Damages;

E. Such other relief as the Court deems just and equitable, or to which Plaintiff is entitled as a matter of law.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims.

Respectfully Submitted,

/s/ Umair Malik
By: Umair Malik, Esq. (6304888)
ATTORNEY FOR PLAINTIFF
Malik Law, LLC
2135 City Gate Ln. Suite 300
Naperville, IL 60563
312-823-4014
um@LawMalik.com